SHERMAN & HOWARD L.L.C.
David A. Weatherwax (No. 006996)
Craig A. Morgan (No. 023373)
201 East Washington Street, Suite 800
Phoenix, Arizona 85004-2327
Telephone: (602) 240-3009
Fax:  (602) 240-6600
E-mail:  dweatherwax@shermanhoward.com
         cmorgan@shermanhoward.com
Attorneys for Defendant Sherman & Howard, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| P. LEONARD BRUNO, an individual,<br><br>         Plaintiff,<br><br>    v.<br><br>SHERMAN & HOWARD, LLC, a Delaware Limited Liability Company; *et al.*,<br><br>         Defendants. | Case No. CV-18-361-PHX-SPL<br><br>**DEFENDANT SHERMAN & HOWARD, LLC'S MOTION TO DISMISS** |

On February 1, 2018, P. Leonard Bruno ("Mr. Bruno")[1] filed a Petition (the "Complaint") against Sherman & Howard L.L.C. ("Sherman & Howard") and another law firm. (Doc. 1).  The Court should dismiss the Complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, because the Court lacks jurisdiction over this case.  In addition, Sherman & Howard asks the Court to Order Mr. Bruno to pay the costs and attorneys' fees incurred in connection with this Motion.[2]

**I. THE COURT LACKS JURISDICTION OVER THIS ACTION.**

The Complaint alleges that:

> "6.  This Court has jurisdiction, pursuant to 28 U.S.C. § 1331, as the matter arises out of the constitution, and laws and treaties of the united states, specifically Title 11 and the Federal Arbitration Act, 9 U.S.C. § 4.

---

[1] Although Mr. Bruno refers to himself here as "P. Leonard Bruno", he is known generally as Paul Leonard Bruno.  Mr. Bruno likely changed his name in this Complaint, because he wanted to avoid alerting this Court to his recent attempted removal of *multiple* cases to the District Court of Arizona, including two cases involving Sherman & Howard (both remanded), one of which concerns the very matters he now raises in this case as "P. Leonard Bruno".  *See* 2:17-cv-01428-DJH and 2:17-cv-04228-DJH.

[2] This is the *third* motion that Sherman & Howard has been forced to file seeking to dismiss and/or remand from Federal Court an improperly filed, or removed, action, in three cases, over approximately as many months.  Enough is enough!

7. Complete diversity also exists, pursuant to 28 U.S.C. § 1332 ….." (*Id*. at ¶¶6, 7).

As shown below, neither allegation is true, and the case should be dismissed for lack of jurisdiction.

A. **THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THIS CASE.**

It is well settled that the Federal Arbitration Act ("FAA") "does not create any independent federal-question jurisdiction" *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983).[3] In fact, that law specifically requires that petitions to compel arbitration, brought pursuant to Section 4 of the FAA. "***allege an independent ground of jurisdiction***." *Commercial Metals Co. v. Balfour, Guthrie, & Co., Ltd.*, 577 F.2d 264, 268 (5th Cir. 1978) (emphasis added).[4]

In our case, Mr. Bruno alleges only that subject matter jurisdiction exists "pursuant to 28 U.S.C. § 1331, as the matter arises out of the constitution, and laws and treaties of the united states, *specifically Title 11 and the Federal Arbitration Act, 9 U.S.C. § 4*." (Doc. 1, ¶6) (emphasis added). As stated above, the FAA, alone, does *not* create subject matter jurisdiction. Moreover, notwithstanding Mr. Bruno's conclusory reference to "Title 11" (also known as the United States Bankruptcy Code), he fails to, and cannot, allege a single fact that would support subject matter jurisdiction under Title 11. In fact, there is no bankruptcy proceeding. Indeed, as Mr. Bruno knows, **on September 7, 2017, at Mr. Bruno's request and over the objection of two creditors,** the Bankruptcy Court *dismissed* Mr. Bruno's

---

[3] *See also Southland Corp. v. Keating*, 465 U.S. 1, 15 n.9 (1984) (holding "while the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction") (emphasis added); *Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV* (New World Communications of Detroit, Inc.), 164 F.3d 1004, 1007 (6th Cir. 1999) (holding "the Federal Arbitration Act does not create any independent federal question jurisdiction."); *Patriot Envtl. Services, Inc. v. Cappello Capital Corp.*, CV162612ODWAGRX, 2016 WL 3545542, at *2 (C.D. Cal. June 7, 2016), report and recommendation adopted, 2016 WL 3547948 (C.D. Cal. June 27, 2016).

[4] *See also Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) ("The provisions of 9 U.S.C. § 9 do not in themselves confer subject matter jurisdiction on a federal district court. Because no independent ground of jurisdiction existed in the case under review, the district court correctly dismissed for lack of subject matter jurisdiction.").

2

personal Chapter 11 bankruptcy case and all related adversary proceedings. *See, e.g.* **Attachments 1-4**.

Accordingly, the Court should dismiss this case in its entirety, for this reason alone.

### B. AT A MINIMUM, THE COURT SHOULD DISMISS SHERMAN & HOWARD FROM THE COMPLAINT, BECAUSE THERE IS NO DIVERSITY JURISDICTION.

The law is clear--"an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Indeed, *Mr. Bruno knows this law*, because Judge Snow told him the law, in one of several State Court cases Mr. Bruno wrongfully removed to this District Court. *See* **Attachment 5**, at n.1 (modified to eliminate irrelevant pages) ("*If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party* … The parties are reminded that ... ***limited liability companies are citizens of every state in which one or their partners or members resides*** *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)). …") (emphasis added).

As Mr. Bruno knows: (1) Sherman & Howard is a Delaware limited liability company with offices in several states, including *Arizona*; and (2) several of Sherman & Howard's members (including, but not limited to, Messrs. Weatherwax and Morgan) reside in *Arizona*. As a result, and as Mr. Bruno knew before he filed this Complaint, there is no complete diversity of citizenship between himself (an *admitted* "resident of Maricopa County, Arizona, *see* Doc. 1 at ¶ 9), on the one hand, and Sherman & Howard, on the other hand.

Accordingly, for this reason alone, the Court (1) does not have jurisdiction, and (2) should (i) dismiss the Complaint in its entirety, or (ii) at a minimum, dismiss Sherman & Howard from the case.

### II. THE COURT SHOULD ORDER MR. BRUNO TO PAY THE COSTS AND ATTORNEYS' FEES INCURRED BY SHERMAN & HOWARD IN CONNECTION WITH THIS MOTION.

3

1   Not only does this action arise out of contract (*see* Doc. 1 at ¶63), but Mr. Bruno had
2   no legal basis whatsoever to file this Complaint against Sherman & Howard--*and he*
3   *knows it*.  Moreover, and worse, Mr. Bruno makes *this exact same claim* for an FAA
4   arbitration in the State Court case that is pending before Judge Whitten (Case No.
5   CV2017-014106) that:  (1) was filed on October 23, 2017, (2) wrongfully removed to the
6   District Court by Mr. Bruno on November 8, 2017 (Case No. No. CV-17-04128-PHX-
7   DJH), and (3) remanded by Judge Humetewa on December 19, 2017 (*see* Case No. CV-
8   17-04128-PHX-DJH at Doc. 20).  In this regard, and without limitation:

9   (1) on December 26, 2017 January 4, 2018, *after* the case was remanded to the State
10  Court, Mr. Bruno filed (i) a Motion To Compel Arbitration pursuant to the FAA, and (ii) a
11  Supplement To [His] Amended Motion To Compel Arbitration.  (*See* **Attachment 6** and
12  **Attachment 7**, without Exhibits).   Sherman & Howard objected to the Motion
13  (**Attachment 8,** without Exhibits), and the Motion is pending before Judge Whitten;

14  (2) on January 25, 2018, Mr. Bruno filed a "First Amended – Verified Answer –
15  Verified Counterclaim – Verified Third Party Complaint" in the State Court (**Attachment**
16  **9**, modified to eliminate irrelevant pages), in which he states, among other things, that:

17  "1. Answering ¶1, Defendant admits Sherman & Howard, LLC (hereafter 'S&H')
    LLC is a Delaware Limited Liability Company, authorized to do, and doing,
18  business Arizona.  (*Id.* at p. 2).

19                              *        *        *
                              EIGHTEENTH DEFENSE
20  … S&H failed to submit to arbitration, pursuant to 9 U.S.C. § 2."  (*Id.* at p. 4); and

21  (3) during a status conference in the State Court proceeding on January 30, 2018, (i)
22  Mr. Bruno advised the Court that he intended to file another Motion to Compel Arbitration
23  under the FAA before Judge Humetewa in the District Court, to which (ii) the parties
24  reminded the Court that Mr. Bruno already has a Motion to Compel Arbitration pending
25  before Judge Whitten, and (iii) Judge Whitten advised Mr. Bruno that (a) he (Judge
26  Whitten) routinely handles motions to compel arbitration under the FAA, and (b) such a
27  Motion may not be well-received by Judge Humetewa, who already has remanded the case
28  back to State Court.  Incredibly, and in order to avoid the potential wrath of Judge

1  Humetewa, Mr. Bruno filed this new Complaint, asking now a third Judge to compel
2  arbitration under the FAA.
3  　　Once again--enough is enough!  Accordingly, in addition to dismissing this case,
4  Sherman & Howard respectfully asks the Court to Order Mr. Bruno to pay Sherman &
5  Howard's (1) costs, pursuant to 28 U.S.C. § 1919, and (2) reasonable attorneys' fees,
6  pursuant to 28 U.S.C. § 1927.
7  　　Respectfully Submitted:  February 7, 2018.

　　　　　　　　　　　　　　　　　　　　SHERMAN & HOWARD L.L.C.
　　　　　　　　　　　　　　　　　　　　By: */s/ David A. Weatherwax*
　　　　　　　　　　　　　　　　　　　　　　David A. Weatherwax
　　　　　　　　　　　　　　　　　　　　　　Craig A. Morgan
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　Sherman & Howard L.L.C.

**ORIGINAL** electronically filed on February 7, 2018,
with a COPY transmitted through the ECF system to:

P. Leonard Bruno a/k/a Paul L. Bruno
3104 E. Camelback #539
Phoenix, Arizona 85018

*/s/ Patty Vejar*