# Attachment 1

SIGNED.

Dated: September 7, 2017

Paul Sala, Bankruptcy Judge

1

Law Offices of
2 **MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
3 Phoenix, Arizona 85012-2334
Telephone: (602) 264-4965
4 Arizona State Bar No. 007356
Facsimile: (602) 277-0144
5 E-mail: Michael@mcarmellaw.com

6 Attorney for Debtor

7

8

9          IN THE UNITED STATES BANKRUPTCY COURT

10               FOR THE DISTRICT OF ARIZONA

11  In re:                              Chapter 11 Proceedings

12  PAUL L. BRUNO,                      Case No. 2:16-bk-11826-PS

13
            Debtor.
14                                      **ORDER GRANTING**
15                                      **MOTION TO DISMISS**

16

17

18      The Court has reviewed the Debtor's Motion to Dismiss filed at DE #299 ("**Motion**"), the

19  Objection to Motion to Dismiss filed by Gary Abeyta ("**Abeyta**") at DE #307 ("**Abeyta**

20  **Objection**"), the Objection to Motion to Dismiss filed by Par Avion Travel, Inc. at DE #308

21
    ("**Par Avion Objection**"), and the Objection filed by Schoenberg Family Law Group, P.C.
22
    ("**Schoenberg**") at DE #303, which was subsequently conditionally withdrawn.
23

24      The Court conducted a hearing on the matter on August 16, 2017 at 2:30 p.m.

25      For the reasons stated on the record,

26      IT IS HEREBY ORDERED:

27      The Motion is granted, and the Abeyta Objection and Par Avion Objection are overruled,

28  subject to the following conditions:

Order Dismissing 8-31-17.doc

1        1.    The Debtor shall pay to Abeyta the temporary support obligations as

2    ordered by the California Superior Court in the total amount of $42,337.00, which sum shall paid

3    in full prior to the date this Order is lodged with the Court.  The payment of the total temporary

4    
5    support award reflects a set off agreed to by the parties as follows:  the total temporary support

6    obligation from debtor to Abeyta is $57,564.00 ($6,396.00/month for nine (9) months) (the

7    "**Award**").  The debtor and Abeyta shall set off against the Award the amount of $15,227.00,

8    which amount Abeyta owes to Jessica Cha, Esq. (the "**Cha Payment**") as part of the dissolution

9    proceeding between the debtor and Abeyta pending in the California courts.  The debtor shall be

10   responsible for paying and fully satisfying the Cha Payment, and debtor shall indemnify Abeyta

11   and hold Abeyta harmless from any and all obligations with respect to the Cha Payment.  The

12   
13   Debtor and Abeyta each have obtained separate sanctions awards in the California dissolution

14   proceeding , which are $10,946.00 in favor of Bruno and $10,000.00 in favor of Abeyta.  The

15   debtor and Abeyta shall waive those payments and the payments shall be considered fully

16   satisfied.

17       2.    If the Debtor refiles a subsequent bankruptcy, it shall be assigned to the

18   Honorable Paul Sala.

19   
20       3.    The Debtor shall pay all outstanding United States Trustee's fees due for

21   the time period July 1, 2017 – August 16, 2017.

22       IT IS FURTHER ORDERED the agreements between the Debtor and Abeyta in this Order

23   regarding the California litigation shall be without prejudice to either party's claims or defenses

24   in the event of an appeal from any decisions that have been made to date in the California

25   
26   litigation.

27       IT IS FURTHER ORDERED that all adversary proceedings filed in this case shall be

28   dismissed without prejudice. The Debtor's counsel will upload a seperate Order in each

Order Dismissing  8-31-17.doc                                                        2

1    adversary proceeding.

2                          DATED AND SIGNED ABOVE.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attachment 2**

SIGNED.

Dated: September 12, 2017

Paul Sala, Bankruptcy Judge

Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona  85012-2334
Telephone:  (602) 264-4965
Arizona State Bar No.  007356
Facsimile:  (602) 277-0144
E-mail:  Michael@mcarmellaw.com
Attorney for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PAUL L. BRUNO,<br><br>  Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:16-bk-11826-PS |
| PAUL LEONARD BRUNO, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>GARY ABEYTA, an individual; THE CAVANAGH LAW FIRM, P.A., an Arizona corporation; CHARLES H. DELACEY, an individual; THE DELACEY RIEBEL FAMILY LAW GROUP, LLP, a California limited liability partnership,<br><br>  Defendants. | Adversary No. 2:16-ap-00510-PS<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Based on the Court's dismissal of the administrative case, the above-captioned adversary proceeding is hereby DISMISSED WITHOUT PREJUDICE.

DATED AND SIGNED ABOVE.

# Notice Recipients

District/Off: 0970–2           User: zachresb           Date Created: 9/12/2017

Case: 2:16–ap–00510–PS        Form ID: pdf05a          Total: 12

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| aty | Justin V Niedzialek | justin@jnlawoffice.com |
| aty | MICHAEL W. CARMEL | michael@mcarmellaw.com |
| aty | RANDY NUSSBAUM | randy.nussbaum@sackstierney.com |
| aty | SCOTT REISS WEINER | Scott.Weiner@SacksTierney.com |
| aty | STEVEN N BERGER | snb@eblawyers.com |

TOTAL: 5

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
dft        Gary Abeyta        6711 E. Camelback Rd.        Unit 36        Scottsdale, AZ 85251–2065
dft        The Cavanagh Law Firm, P.A.        1850 N Central Avenue        Suite 2400        Phoenix, AZ 85004
dft        Charles H. Delacey        505 Montgomery Street        7th Floor        San Francisco, CA 94111
dft        The Delacey Riebel Family Law Group, LLP        505 Montgomery Street        7th Floor        San Francisco, CA 94111
pla        Paul Leonard Bruno        5835 N Echo Canyon Circle        Phoenix, AZ 85016
ust        U.S. TRUSTEE        OFFICE OF THE U.S. TRUSTEE        230 NORTH FIRST AVENUE        SUITE 204        PHOENIX, AZ 85003
ust        U.S. TRUSTEE – LV – 11        300 LAS VEGAS BOULEVARD S.        SUITE 4300        LAS VEGAS, NV 89101

TOTAL: 7

**Attachment 3**

SIGNED.

Dated: September 12, 2017

Paul Sala, Bankruptcy Judge

1

2  Law Offices of
   **MICHAEL W. CARMEL, LTD.**
3  80 East Columbus Avenue
   Phoenix, Arizona 85012-2334
   Telephone: (602) 264-4965
4  Arizona State Bar No. 007356
   Facsimile: (602) 277-0144
5  E-mail: Michael@mcarmellaw.com

6  Attorney for Debtor/Plaintiff Paul L. Bruno

7

8

9            **IN THE UNITED STATES BANKRUPTCY COURT**

10               **FOR THE DISTRICT OF ARIZONA**

11  In re:                              | Chapter 11 Proceedings

12  PAUL L. BRUNO,                      | Case No. 2:16-bk-11826-PS

13            Debtor.

14

15  PAUL LEONARD BRUNO, an individual,  | Adversary No. 2:17-ap-00126-PS

16            Plaintiff,

17  v.                                  | **ORDER OF DISMISSAL**
                                          **WITHOUT PREJUDICE**
18  GARY ABEYTA, an individual.

19            Defendant.

20

21         Based on the Court's dismissal of the administrative case, the above-captioned adversary

22  proceeding is hereby DISMISSED WITHOUT PREJUDICE.

23         DATED AND SIGNED ABOVE.

24

25

26

27

28

# Notice Recipients

District/Off: 0970−2                  User: zachresb              Date Created: 9/12/2017
Case: 2:17−ap−00126−PS               Form ID: pdf05a             Total: 6

**Recipients of Notice of Electronic Filing:**
aty     DAVID A. SELDEN         dselden@cavanaghlaw.com;sdamon@cavanaghlaw.com
aty     MICHAEL W. CARMEL       michael@mcarmellaw.com
                                                                        TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
dft     Gary Abeyta      6711 E. Camelback Rd.        Unit 36      Scottsdale, AZ 85251−2065
pla     Paul Leonard Bruno        5835 N Echo Canyon Circle      Phoenix, AZ 85016
ust     U.S. TRUSTEE      OFFICE OF THE U.S. TRUSTEE        230 NORTH FIRST AVENUE         SUITE
        204       PHOENIX, AZ 85003
ust     U.S. TRUSTEE − LV − 11      300 LAS VEGAS BOULEVARD S.        SUITE 4300      LAS VEGAS, NV
        89101
                                                                        TOTAL: 4

**Attachment 4**

SIGNED.

Dated: September 12, 2017

Paul Sala, Bankruptcy Judge

LAW OFFICES OF MICHAEL W. CARMEL, LTD.
Michael W. Carmel (No. 007356)
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Telephone:        (602) 264-4965
Fax:              (602) 277-0144
E-mail:           michael@mcarmellaw.com
Counsel for the Debtor

SHERMAN & HOWARD L.L.C.
David A. Weatherwax (No. 006996)
Craig A. Morgan (No. 023373)
Lindsay H.S. Hesketh (No. 031233)
201 East Washington Street, Suite 800
Phoenix, Arizona 85004-2327
Telephone:        (602) 240-3009
Fax:              (602) 240-6600
E-mail:           dweatherwax@shermanhoward.com
                  cmorgan@shermanhoward.com
                  lhesketh@shermanhoward.com
Special Counsel for the Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>PAUL LEONARD BRUNO,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:16-bk-11826-PS<br><br>Adversary No. 2:17-ap-00161-PS |
| PAUL LEONARD BRUNO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GARY P. ABEYTA, an individual; GARY P. ABEYTA, AS TRUSTEE OF THE GARY P. ABEYTA TRUST DATED NOVEMBER 12, 2014,<br><br>Defendants. | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Based on the Court's dismissal of the administrative case, the above-captioned adversary proceeding is hereby DISMISSED WITHOUT PREJUDICE.

DATED AND SIGNED ABOVE.

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0970−2 | User: zachresb | Date Created: 9/12/2017 |
| Case: 2:17−ap−00161−PS | Form ID: pdf05a | Total: 8 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

dft      c/o Gary P. Abeyta, Gary P Abeyta Trust Dated November 12, 2014

TOTAL: 1

**Recipients of Notice of Electronic Filing:**

aty      DAVID A. SELDEN      dselden@cavanaghlaw.com;sdamon@cavanaghlaw.com
aty      MICHAEL W. CARMEL      michael@mcarmellaw.com
aty      PHILIP G. MITCHELL      Philip.Mitchell@azbar.org

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

dft      Gary Abeyta      6711 E. Camelback Rd.      Unit 36      Scottsdale, AZ 85251−2065
pla      Paul Leonard Bruno      5835 N Echo Canyon Circle      Phoenix, AZ 85016
ust      U.S. TRUSTEE      OFFICE OF THE U.S. TRUSTEE      230 NORTH FIRST AVENUE      SUITE 204      PHOENIX, AZ 85003
ust      U.S. TRUSTEE − LV − 11      300 LAS VEGAS BOULEVARD S.      SUITE 4300      LAS VEGAS, NV 89101

TOTAL: 4

# Attachment 5

1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| 9  Gary Abeyta, | No. CV-17-04129-PHX-GMS |
| 10            Plaintiff, | **ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |
| 11  v. | |
| 12  GP Meeting & Events Incorporated, et al., | |
| 13            Defendants. | |
| 14  PB Company Inc., et al. | |
| 15            Counter-Claimants, | |
| 16  v. | |
| 17  Gary Abeyta, | |
| 18            Counter-Defendant. | |
| 19 | |

20        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management

21   Conference is set for **February 1, 2018 at 9:15 a.m.** in Courtroom 602, Sandra Day

22   O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003-

23   2151.  In preparation for this Case Management Conference, it is hereby ordered as

24   follows:

25   A.    Rule 26(f) Meeting and Case Management Report.

26        The parties are directed to meet and confer at least 10 days before the Case

27   Management Conference as required by Federal Rule of Civil Procedure 26(f).  At this

28   meeting the parties shall develop a joint Case Management Report which contains the

1   information called for in section B below.

2   B.      Mandatory Initial Discovery Pilot Project.

3           The Court is participating in the Mandatory Initial Discovery Pilot Project

4   ("MIDP"). The MIDP was approved by the Judicial Conference of the United States and

5   has been implemented in this District by General Order 17-08.  The MIDP applies to all

6   civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B),

7   actions under the Private Securities Litigation Reform Act ("PSLRA"), and cases

8   transferred for consolidated administration in this District by the Judicial Panel on

9   Multidistrict Litigation.  The discovery obligations in the MIDP supersede the disclosures

10  required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery.

11  Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), the MIDP does not

12  allow parties to opt out.  Thus, if your case was filed after May 1, 2017, and does not fall

13  within one of the exceptions identified above, you must comply with the discovery

14  obligation of the MIDP.  You should have received a notice regarding the pilot project

15  when your case was filed or you were served, and you should already be complying with

16  the MIDP.   Resources related to the MIDP are available on the Court's website at

17  www.azd.uscourts.gov/attorneys/mandatory-initial-discovery-pilot.

18  C.      Joint Case Management Report.

19          The parties' Joint Case Management Report shall contain the following

20  information in separately numbered paragraphs.

21          1.      The parties who attended the Rule 26(f) meeting and assisted in developing

22  the Case Management Report;

23          2.      A list of the parties in the case, including any parent corporations or entities

24  (for recusal purposes);

25          3.      A short statement of the nature of the case (3 pages or less);

26          4.      The jurisdictional basis for the case, describing the basis for jurisdiction

27  (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

28  _____

[1]If jurisdiction is based on diversity of citizenship, the report shall include a

- 2 -

5.     Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

6.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);

7.     A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

9.     The status of related cases pending before other courts or other judges of this Court;

10.     A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));

11.     A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(3), 26(f)(3));

12.     A discussion of whether an order under Federal Rule of Evidence 502(d) is

---

statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their partners or members resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

1   Orders, Forms and Procedures.  The Court fully intends to enforce the deadlines in the

2   Case Management Order.  The parties should plan their litigation activities accordingly.

3   E.      Other Matters.

4           The parties are expected to comply fully with the Federal and Local Rules of Civil

5   Procedure and to minimize the expense of discovery.  The parties should ensure that all

6   filings comply with Local Rules of Civil Procedure 7.1 and 7.2.  In addition, in all filings,

7   citations in support of any assertion in the text shall be included in the text, not in

8   footnotes.  The Clerk of the Court shall send copies of this order to all counsel of record

9   and to any unrepresented parties.

10          Dated this 7th day of December, 2017.

11

12          _____
            Honorable G. Murray Snow
13          United States District Judge

- 6 -

**Attachment 6**

CORRECTED
By Clerk of the Court

MICHAEL K. JEANES, CLERK
BY
*R Mallard*
R. MALLARD, FILED

**17 DEC 26 PM 4: 16**

PAUL L. BRUNO
3104 E. Camelback Road #539
Phoenix, AZ 85016
602-777-0601 Phone
Paul@PaulBrunoGroup

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

SHERMAN & HOWARD, LLC

Plaintiff,

v.

PAUL LEONARD  BRUNO, *et al.*

Defendant,

CV2017-014106

CASE NO.  ~~CV2017-014016~~

**MOTION TO COMPEL ARBITRATION
AND FOR SUMMARY DENIAL OF
PLAINTIFF'S APPLICATION FOR
PROVISIONAL REMEDIES**

**Assigned to Hon. Christopher Whitten**

Pursuant to Ariz. R.Civ.P.7.1 and A.R.S § 12-3007, and the Federal Arbitration Act 9 U.S.C. § 2, Defendant Paul Bruno moves to dismiss this action and compel arbitration of this action in its entirety including summary denial of Plaintiff's Application for Provisional Remedies, because:   (1.) It is undisputed that this action arises out of a contract that has a binding arbitration provision. The Plaintiff filed a **late** Notice of Errata on October 24, 2017, which cloaked the policies and procedures containing the purported contracts, which contain the binding arbitration provision on p.2 ¶ 7 of "The Memorandum of Firm's Policies."   (2.) the arbitration provision mandates binding arbitration for all disputes before a committee of the State Bar of Arizona. (3.) "All Disputes" includes "Applications for Provisional Remedies."

1

However, all of that is irrelevant. The United States Supreme Court mandates this case be dismissed and the matter be compelled to arbitration, pursuant to 9 U.S.C. § 2 of the American Arbitration Act. The matter arises from interstate commerce, so the FAA preempts any Arizona State Law to the contrary. The application for provisional remedies seems inappropriate. Mr. Bruno is a vulnerable adult with a disability, and Sherman & Howard had a fiduciary duty to protect his well-being. Bruno respectfully requests (1.) this Court dismiss the action in its entirety, as Mr. Bruno is a live person, and not commercial; (2.) The matter has been submitted to the State Bar of Arizona, who is now handling the matter; (3.) Summarily deny Sherman & Howard's application for provisional remedies; (4.) Any other order deemed just and proper; (5.) Since this matter arises out of contract, Mr. Bruno is entitled to his attorney's fees as the prevailing party in a contract dispute. Mr. Bruno only drafted this simple motion from an existing template, because his attorney is on Holiday break; (6.) an order that Mr. Bruno's counsel submit a fee application. Existing Arizona case law deems the party to prevail on a motion to compel arbitration is indeed a "prevailing party" in a contract.

Respectfully submitted December 26, 2017.



Under penalty of perjury the following was mailed and emailed this  Day of December, 2017.



Sherman & Howard

201 East Washington Street, Suite 800

Phoenix, AZ 85004-2327

Phone:  602-240-3009

email@shermanhoward.com

attorney for plaintiff

MOTION TO JOIN DEFENDANTS

**Attachment 7**



COPY



JAN 0 4 2018

MICHAEL K. JEANES, CLERK
C. CRUZ
DEPUTY CLERK

1

2   PAUL BRUNO
    **3104 E. CAMELBACK ROAD #539**
3   **PHOENIX, ARIZONA 85016**
    **PHONE: 602-777-0601**
4   **PAUL@PAULBRUNOGROUP.COM**

5

6

7

8

9        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10           IN AND FOR THE COUNTY OF MARICOPA

11  SHERMAN & HOWARD, LLC          CV2017-014106

12          Plaintiffs,

13                                 (i.) SUPPLEMENT TO DEFENDANTS

14  v.                             AMENDED MOTION TO COMPEL

15                                 ARBITRATION

16  PAUL L. Bruno, *et al.*

17          Defendants,           (ii.) OBJECTION TO COMMERCIAL

18                                 COURT

19                                 EXPEDITED CONSIDERATION

20                                 REQUESTED

21

22                                 **(Assigned Hon. Christopher Whitten)**

23

24

25

26      Pursuant to Arizona Rules of Civil Procedure and A.R.S. § 12-3007 and the Federal

27  Arbitration Act 9 U.S.C. § 2, Defendant Paul Bruno, (hereafter "Mr. Bruno" or "Bruno") files

28

                                    1

this supplement to his December 26, 2017 Motion to Compel Arbitration.

Attached, *see* **EXHIBIT A**, is the State Bar of Arizona's letter to Defendant dated December 27, 2017.   Plaintiff *"Notice of Errata"* filed on October 24, 2017 on p.2 ¶ 7 *"Memorandum of Firm's Policies"* indicates that both Plaintiff and Defendant(s) agreed to submit disputes to the State Bar of Arizona.   Although Plaintiff's bills seemingly lack authenticity, the State Bar of Arizona offers FREE services to consumers.  The Plaintiff is a law firm, and in keeping with the public's support of the legal community's self-regulation, this matter is proper before a Consumer Protection Agency, which no doubt levels the playing field. This Court should order the same, which does right by both the law and public policy, [indeed a combo].  The plain, unambiguous language present in p. 2 ¶ 7 of the *Memorandum of Firm's Policies* is only what this Court need reference versus Plaintiff's rhetoric to the contrary.  The United States Supreme Cout and deep rooted public policy support Defendant's position over Plaintiff's, and this decision promotes judicial efficiency, reduces the Court's docket, and more.

**WHEREFORE  DEFENDANT RESPECTFULLY SEEKS ORDERS**

(1.) Summarily Dismiss Plaintiff's Complaint

(2.) Compel Arbitration

(3.) Summarily Deny Plaintiff's Motion for Provisional Remedies

(4.) All other orders deemed just and proper

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF January, 2018**.

Paul Bruno, Pro Se Litigant

2

Under penalty of perjury, the forgoing with mailed and/or electronically mailed this _4_

_JAN_ , 2018

To:

David Weatherwax

Sherman & Howard

201 East Washington Street, Suite 800

Phoenix, AZ 85004-2327

Phone: 602-240-3000

Email: info@shermanhoward.com



Paul Bruno

3

# Attachment 8

1    SHERMAN & HOWARD L.L.C.
     David A. Weatherwax (No. 006996)
2    Craig A. Morgan (No. 023373)
     201 East Washington Street, Suite 800
3    Phoenix, Arizona 85004-2327
     Telephone: (602) 240-3009
4    Fax:  (602) 240-6600
     E-mail:  dweatherwax@shermanhoward.com
5             cmorgan@shermanhoward.com
     Attorneys for Plaintiff
6

7                    SUPERIOR COURT OF ARIZONA

8                         MARICOPA COUNTY

9    SHERMAN & HOWARD, LLC, a            Case No. CV2017-014106
     Delaware limited liability company,
10                                       **PLAINTIFF'S RESPONSE OBJECTING**
                Plaintiff                **TO DEFENDANT PAUL BRUNO'S (1)**
11                                       **MOTION TO COMPEL ARBITRATION**
          v.                             **AND FOR SUMMARY DENIAL OF**
12                                       **PLAINTIFF'S APPLICATION FOR**
     PAUL LEONARD BRUNO, an individual;  **PROVISIONAL REMEDIES; (2)**
     PB CO., INC., an Arizona corporation, **SUPPLEMENT TO DEFENDANTS'**
13                                       **AMENDED MOTION TO COMPEL**
                Defendants.              **ARBITRATION; AND (3) OBJECTION**
14                                       **TO COMMERCIAL COURT**
15                                       (Before the Hon. Christopher Whitten)
16                                       (Oral Argument Requested)
17

18        Defendant Paul Bruno ("Mr. Bruno") asks the Court to (i) dismiss this case and

19   compel arbitration, and (ii) summarily deny plaintiff's application for provisional

20   remedies (the "Application").  In addition, Mr. Bruno objects to the Commercial Court

21   handling this case.[1]

22        As shown below, the Court should deny Mr. Bruno's Motion in its entirety, because

23   _____
     [1] Although Mr. Bruno states that (i) he is represented by an attorney, and (ii) he filed this
24   Motion on his own, because "his attorney is on Holiday break", to plaintiff's knowledge,
     Mr. Bruno is not represented by an attorney in this State Court proceeding.  In this regard,
25   while both defendants in this case (Mr. Bruno and PB Co.) were represented by Wisconsin
     attorney, Ms. Heins, in the District Court during the removal--Ms. Heins has advised
26   plaintiffs' counsel that she is **not** representing defendants in this State Court case.  *See*
     **Attachment 1**.  Moreover, if Mr. Bruno really is represented by counsel, then it would be
27   inappropriate for him to file this Motion on his own.  Further, to the extent Mr.
     Bruno also seeks relief on behalf of PB Co. (of which he owns 100% of record), his
28   Motion should not be considered, because a corporation cannot represent itself before the
     Superior Court).

1   Mr. Bruno has waived any right to arbitrate.  More specifically, (i) Mr. Bruno and PB Co.
2   refused to sign the required State Bar of Arizona arbitration forms that were sent to them
3   nearly a month before plaintiff filed this action (*see* **Attachments 2** and **3**); and (ii) both
4   Mr. Bruno and PB Co. have been litigating this matter aggressively for more than two
5   months after they were served with process--all at great expense to plaintiff (in both time
6   and money).

7       Second, the Motion should be denied, because even if this Court orders the parties to
8   arbitrate the "fee dispute" aspect of plaintiff's contract claims, the State Bar does not have
9   jurisdiction to (i) award provisional remedies or (ii) resolve Mr. Bruno's counterclaim.

10      Third, as a result of the State Bar's limited jurisdiction, this Court retains jurisdiction
11  over, and should decide, plaintiff's Application for provisional remedies (and Mr. Bruno's
12  counterclaim). *See e.g. PMS Distrib. Co., Inc. v. Huber & Suhner, A.G.*, 863 F.2d 639,
13  642 (9th Cir. 1988).  In this regard:  (i) on January 16, 2018, plaintiff filed its "Affidavit of
14  Default ...", because defendants did not request a hearing on the Application within the
15  10-day period allowed by A.R.S. §12-2407;[2] (ii) defendants are in default; and (iii) the
16  Court should sign the proposed "Order Granting Provisional Remedies With Notice, Writs
17  Of Attachment And Garnishment (Non-Earnings)" that was filed with the Affidavit, in
18  accordance with A.R.S. §12-2408.

19      Finally, Mr. Bruno's argument that this case is not properly before the Commercial
20  should be denied, because it is unsupported (legally or factually) and lacks merit.

21  **I. MR. BRUNO HAS WAIVED ANY RIGHT HE MIGHT HAVE HAD TO ARBITRATE THE FEE DISPUTE.**

22      The following facts cannot be contested--

23      1. In September 2017, plaintiff advised defendants that unless (i) the full amounts
24  owed by Mr. Bruno and PB Co. were paid by certain dates,[3] or (ii) the parties had reached

25
---
26  [2] Indeed, almost two months have passed since defendants were served with the Application, and they still have not requested a hearing.  Moreover, even if Mr. Bruno's Motion somehow could be construed as a request for hearing (it cannot be), that request
27  would have been 44 days late.
[3] The dates were September 27, 2017 for PB Co., and October 4, 2017 for Mr. Bruno.  On
28  October 12, 2017, plaintiff extended those dates to October 17, 2017.

1    and executed an acceptable payment plan by the same dates, then plaintiff would

2    "undertake actions to collect the amount[s] due, plus interest costs and attorneys' fees."

3         2. On <u>September 23, 2017</u>, Mr. Bruno responded by, among other things, asking

4    plaintiff to submit the "fee dispute" the State Bar.

5         3. On <u>September 25, 2017</u>, plaintiff's general counsel (Mr. Bronesky) sent an email to

6    Mr. Bruno stating, among other things:

7              "<u>Attached is the form required by the State Bar of Arizona for fee</u>
              <u>arbitrations.</u>[4]  <u>If you and PB Co want to arbitrate, then you need to complete it</u>
8              <u>and return the form to me immediately</u>.  After we have the form, we will initiate
              the arbitration.  Please understand, however, that:

9                            *            *            *

10                • By participating in the State Bar arbitration, Sherman & Howard is not
                waiving (and expressly reserves) all of its rights and remedies to pursue any
11                relief that may be outside of the jurisdiction of the State Bar; ..." (*See*
                **Attachment 2**, partially redacted) (emphasis added).

12   Mr. Bruno did <u>not</u> complete or return the State Bar form for himself or PB Co.

13        4. On <u>September 27, 2017</u>, Mr. Bronesky sent another email to Mr. Bruno stating:

14             "On Monday (9/25), I sent you an email ... that attached the form required
             by the State Bar of Arizona for fee arbitrations.  <u>If you really want to arbitrate,</u>
15             <u>you need to complete the form and return it to me immediately</u>, and we will
             initiate the arbitration.  By participating in the State Bar arbitration, S&H is <u>not</u>
16             waiving (and expressly reserves) all of its rights and remedies to pursue any
             relief that may be outside of the jurisdiction of the State Bar.  **If you have**
17             **decided to waive any right that you might have to arbitrate, you should not**
             **return the form**.  <u>**Your failure to respond by Wednesday, October 4, 2017,**</u>
18             <u>**will be construed as a waiver.**</u>"  (*See* **Attachment 3**, partially redacted and
             attachments omitted) (some emphasis added).

19   Once again, Mr Bruno did <u>not</u> complete or return the State Bar form.[5]

20        5. Defendants failed to pay (or attempt any reasonable arrangements to pay) plaintiff.

21   In addition, plaintiff learned that several other creditors had sued defendants for amounts

22   they (other creditors) were owed.  As a result, on <u>October 23, 2017</u>, plaintiff filed this

23   lawsuit against defendants, with its Application for provisional remedies.

24        6. Defendants were aware of the lawsuit and avoided service by, among other things,

25

26   _____

     [4] *See* State Bar of Arizona Rules of Arbitration of Fee Disputes (the "State Bar Rules"),
27   which requires an agreement to arbitrate signed by all parties on the State Bar's official
     forms, to begin the State Bar arbitration process.

28   [5] Indeed, notwithstanding Mr. Bruno's belated Motion, he and PB Co. still have <u>not</u>
     submitting the paperwork required to initiate a State Bar arbitration of the fee dispute.

refusing to allow his community's guard gate attendant to grant access to plaintiff's process servers. As a result, on November 1, 2017, plaintiff filed a Motion for an Order Authorizing Alternative Service.

7. On November 2, 2017 (i) this Court granted plaintiff's Motion and issued its Order Authorizing Alternative Service, and (ii) defendants were served with process, in accordance with the Order.

8. Notably, rather than seek State Bar arbitration of the fee dispute, defendants (i) chose to litigate, and (ii) have been litigating vigorously for more than two months, all at great cost to plaintiff of time and money. In this regard:

(a) on November 7, 2017, Mr. Bruno filed a "Notice of Filing Notice of Removal ...", in which he falsely stated that this case had been removed to the United States District Court for the District of Arizona (see **Attachment 4**);[6]

(b) on November 8, 2017, Mr. Bruno (by Wisconsin attorney Janet Heins) improperly removed this case to the District Court of Arizona (the "District Court") (see **Attachment 5**, lengthy Exhibits omitted), and forced plaintiff to file a Motion to Remand (see **Attachment 6**, lengthy Exhibits omitted);

(c) on November 20, 2017, Mr. Bruno (by attorney Heins) filed a Corporate Disclosure Statement in the District Court (see **Attachment 7**);

(d) on December 6, 2017, attorney Heins filed an "Answer & Counter Claim Of Defendants" (see **Attachment 8**), in which

(i) both defendants **answered** the Complaint, and asked the Court to "dismiss the Complaint with prejudice, and with attorney fees and costs to Defendants", not to order a State Bar arbitration (Id.),

(ii) **Mr. Bruno counterclaimed against plaintiff** for alleged violations of the

---

[6] Notably, Mr. Bruno took similar action in Case No. CV2016-015771, pending before Commissioner Abramson in this Court, by: (i) falsely representing he had removed that case on November 13, 2017, and (ii) then wrongfully filing a Notice of Removal on November 16, 2017. Significantly, Mr. Bruno is not even a party in that case. Nevertheless, his improper removal filing has delayed plaintiff's garnishment proceeding for more than two months now.

1   "Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*", and "demand[ed]

2   Judgment against Plaintiff [for] A. … compensatory, liquidated, consequential, and/or

3   punitive damages against Plaintiff in an amount to be proven <u>at the time of trial</u> [-not

4   arbitration-]; B. … an award of Defendants' reasonable attorney fees and costs pursuant to

5   42 U.S.C. § 3613, and all other applicable laws; … and D.  … such other and further relief

6   as <u>the Court</u> [-not an arbitrator-] deems proper under the circumstances" (*Id.*) (emphasis

7   added), and

8           (iii) Mr. Bruno (actually both defendants) **"DEMAND[ED] A JURY OF**

9   **TWELVE AS TO [-NOT AN ARBITRATION OF-] ALL TRIABLE ISSUES."** (*Id.*)

10  (emphasis in original);

11          (e) <u>on December 7, 2017</u>, Mr. Bruno (again both defendants), through attorney

12  Heins (i) filed a <u>Motion to Consolidate</u> (not arbitrate) this case with three other cases that

13  also were removed improperly by Mr. Bruno, (ii) asked the Court to <u>set a Rule 16</u>

14  <u>Scheduling Conference</u>, and (iii) filed a proposed "<u>Order Consolidating Cases</u>".  (*See*

15  **Attachments 9** and **10**).  Notably, none one of these three other cases would be subject to

16  arbitration before the State Bar;

17          (f) <u>on December 18, 2018</u>, as a result of the improper removal, plaintiff was forced

18  to file a Motion to Stay the parties' deadline to engage in mandatory initial discovery,

19  ordered pursuant to General Order 17-08, until after this Court ruled on Plaintiff's Motion

20  to Remand (*see* **Attachment 11**);

21          (g) <u>on December 19, 2017</u>, the District Court issued its Order remanding this case

22  back to this Court (*see* **Attachment 12**).  That same day, the District Court issued another

23  Order remanding one of the other cases improperly removed by Mr. Bruno in which

24  plaintiff was involved (*see* **Attachment 13**, which sets out the reason for remand in

25  detail);

26          (h) <u>on December 20, 2017</u>, defendants, through attorney Heins, filed a Rule 60

27  Motion For Relief From Order Remanding Case.  (*See* **Attachment 14**).  Notably, <u>rather</u>

28  <u>than demand arbitration</u>, defendants asked the Court to "reopen the matter and vacate its

1   Order remanding the case to Arizona Superior Court in the interest of justice.";

2        (i) <u>on January 4, 2018</u>, in an effort to avoid any summary disposition for failing to

3   respond to the Rule 60 Motion, plaintiff was forced to file a Motion for Leave to Respond

4   to the Rule 60 Motion, and a Response Objecting to the Rule 60 Motion (*see* **Attachment**

5   **15**)-which was granted that day. (*See* **Attachment 16**); and

6        (j) <u>on January 15, 2018</u> (just yesterday), **<u>rather than seek to arbitrate</u>**, Mr. Bruno

7   sent two emails to plaintiff's counsel, seeking plaintiff's consent to add Toby Brenner and

8   Par Avion as parties to this case (*see* **Attachment 17**)--neither of which could participate

9   in a State Bar arbitration.

10       The law is clear.  Specifically:

11       (1) "It is well-established … that a party to a contract may waive its right to enforce an

12  arbitration agreement by its conduct." *Meineke v. Twin City Fire Ins. Co.*, 181 Ariz. 576,

13  581, 892 P.2d 1365, 1370 (Ct. App. 1994) (affirming trial court's finding of arbitration

14  waiver because defendant filed answer);

15       (2) "Waiver occurs when a party relinquishes a known right or exhibits conduct that

16  clearly warrants inference of an intentional relinquishment.", and a party demonstrates

17  waiver by engaging in "conduct that shows an intent not to arbitrate." *Id.*;

18       (3) A party's conduct which demonstrates waiver includes <u>filing an answer</u>. *See e.g. In*

19  *re Estate of Cortez*, 226 Ariz. 207, 211, ¶ 6, 245 P.3d 892, 896 (Ct. App. 2010) (reversing

20  trial court's order to compel arbitration after defendant filed answer and participated in the

21  litigation); *Meineke*, 181 Ariz. at 582; 892 P.2d at 1371 ("In our view, a party's filing of a

22  lawsuit without invoking arbitration … would nearly always indicate a clear repudiation

23  of the right to arbitrate …, ***<u>and the filing of an answer normally has the same effect</u>***.")

24  (emphasis added);

25       (4) Similarly, a party waives its right to compel arbitration under the FAA, if that party

26  knew of an existing right to compel arbitration, acted inconsistently with it, and prejudiced

27  the party opposing arbitration. *See e.g. Ameriprise Fin. Servs. Inc. v. Ekweani*, 2015 WL

28  1737417, at *4 (D. Ariz. April 16, 2015) (finding movant waived his right to arbitrate).

1    Acts inconsistent with enforcing a party's right to arbitrate include extended silence and

2    delay in moving for arbitration, actively litigating in a Court action, and refusing a request

3    to arbitrate (all three of which are present here). *See Martin v. Yasuda*, 829 F.3d 1118,

4    1125 (9th Cir. 2016); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1012-13 (9th Cir. 2005).

5        The uncontestable facts in our case show that Mr. Bruno (actually both defendants)

6    waived whatever right they may have had to arbitrate the fee dispute under Arizona and

7    federal law.

8        First (1) Mr. Bruno knew of defendants' right to arbitrate the fee dispute, and (2)

9    repeatedly refused to sign the State Bar's required forms needed to initiate an arbitration.

10   In fact, plaintiff specifically told defendants (i) not to sign and return the State Bar forms

11   "[i]f you have decided to **waive** any right that you might have to arbitrate", and (ii)

12   **"[y]our failure to respond** by Wednesday, October 4, 2017, **will be construed as a**

13   **waiver**." Not only did defendants fail to respond by October 4, 2017, they sat on their

14   hands for almost three months, and forced plaintiff to file a lawsuit to protect its rights.

15       In this regard, the State Bar Rules make it clear that the State Bar does not even have

16   jurisdiction over a fee dispute "[i]f any Party declines to execute the Agreement to

17   Arbitrate in the form provided by the State Bar." State Bar Rules, § II.B.1. As a result,

18   defendants' refusal to sign the State Bar forms (i) precluded plaintiff from proceeding with

19   arbitration of the fee dispute, and (ii) forced plaintiff to file a lawsuit to collect the

20   amounts owed and protect its rights. Needless to say, defendants' refusal to sign the

21   arbitration forms required by the State Bar is wholly inconsistent with, and shows a waiver

22   of, any right defendants may have had to arbitrate the fee dispute. Accordingly, the Court

23   should deny Mr. Bruno's Motion, for this reason alone. *See Meineke, supra, Martin,*

24   *supra,* and *Brown, supra.*

25       Second, rather than demand State Bar arbitration of the "fee dispute"--defendants

26   have actively and vigorously participated in this litigation. In this regard, and without

27   limitation: (1) defendants improperly removed the case to District Court; (2) defendants

28   filed an Answer to the Complaint, and demanded a jury trial (not an arbitration) on all

1  triable issues (which by themselves reflect a waiver of any right to arbitrate the fee

2  dispute); (3) Mr. Bruno <u>filed a Counterclaim</u> against plaintiff, which (i) clearly would not

3  be subject to any State Bar arbitration, and (ii) further reflects a waiver of any right to

4  arbitrate; (4) defendants moved to consolidate this case with three other cases involving

5  different claims and contracts, (i) none of which could be subject to any State Bar

6  arbitration, and (ii) which further reflects a waiver of any right to arbitrate; and (5) after

7  remand, defendants moved to vacate the Remand Order, and requested that this case be

8  kept in Federal Court, *as opposed to requiring arbitration*.  Put simply, notwithstanding

9  Mr. Bruno's belated demand for arbitration of the fee dispute, defendants' aggressive and

10  extensive *litigation* tactics over the last two months (including the inconsistent positions

11  taken by defendants in the District Court, both before and after the Remand Order), have

12  resulted in a waiver of any right defendants might have had to arbitrate the fee dispute.

13  Accordingly, the Court should deny Mr. Bruno's Motion, for these reasons alone.  *See*

14  *Meineke, supra, In re Estate of Cortez, supra, Martin, supra, Ameriprise, supra,* and

15  *Brown, supra.*

16      Finally, plaintiff has been prejudiced by defendants' actions.  Given (i) defendants'

17  refusal to sign the required State Bar forms, and (ii) the fact that defendants' other

18  creditors had sued defendants to enforce their own claims for money, plaintiff had no

19  choice but to file this lawsuit to (i) avoid being left with nothing, and (ii) try to keep

20  defendants from dissipating their assets, while this case proceeds toward finality.  *See e.g.*

21  *Brown*, 430 F.3d at 1012-13 (finding prejudice where plaintiff was forced to litigate "as a

22  last resort").

23      Moreover, since the lawsuit was filed, plaintiff has been forced to endure significant

24  legal expenses, and months of delay, defending against defendants' improper removal and

25  other aggressive litigation tactics.  If defendants really wanted to arbitrate the fee dispute

26  before the State Bar, then (i) they would have signed the required State Bar forms, (ii) the

27  fee arbitration, itself, likely would have been finished (or nearly finished) by now, and (iii)

28  this action would have been limited to one issue--plaintiff's right to provisional remedies,

1    in order to insure payment of the amount owed to plaintiff.  Instead, plaintiff has been

2    forced to spend thousands of dollars, and lost months of time, trying to get paid the

3    amounts owed for the significant amount of work they did for defendants.  Accordingly,

4    the Court should deny Mr. Bruno's Motion, for these reasons alone.  *See e.g. Brown*,

5    *supra*, and *Martin*, *supra*.

6    **II. EVEN IF DEFENDANTS HAD NOT WAIVED ANY RIGHT TO ARBITRATE THE FEE
     DISPUTE BEFORE THE STATE BAR, (1) THE STATE BAR'S JURISDICTION WOULD BE**

7    **LIMITED TO RESOLVING ONLY THE FEE DISPUTE, AND (2) THIS COURT WOULD
     NEED TO PROCEED WITH AND RESOLVE PLAINTIFF'S APPLICATION FOR**

8    **PROVISIONAL REMEDIES AND MR. BRUNO'S COUNTERCLAIM.**

9    The State Bar Rules are clear:  (1) in order to proceed with a fee arbitration, "[t]he

10   approved State Bar form **[must be] signed** by all Parties consenting to arbitration of a Fee

11   Dispute" (*See* State Bar Rules at §I. C.1), which defendants refused to sign; (2) "The

12   Committee's jurisdiction includes [only] the Arbitration of Fee Disputes" (Id. at §II. A.);

13   (3) "*The State Bar Fee Arbitration Program only has jurisdiction over the reasonableness*

14   *of fees as defined by ER 1.5.  For example, the program has no jurisdiction to arbitrate*

15   *liens filed by third parties against awards being held in attorney trust accounts under ER*

16   *1.15.*" (*Id.* at §II. Committee Comment 1) (only underline emphasis added); and (4) "The

17   [only] issue before an Arbitrator or a Fee Arbitration panel …, in accordance with ER 1.5,

18   Ariz. R.S.Ct. 42…, is whether the fees charged were reasonable for the work that was

19   performed [and] [i]f disputed, the Arbitrator also may determine the reasonableness of

20   costs." (*Id.* at §III. A., titled "**SCOPE OF THE FEE ARBITRATION HEARING**").

21   Defendants twice refused to sign the State Bar's required forms, and instead vigorously

22   litigated this matter for months.  As such, the Court should deny Mr. Bruno's Motion for

23   this reason alone.  In addition, however, even if defendants' had not waived any right to

24   arbitrate before the State Bar--(1) the State Bar "only has jurisdiction over the

25   reasonableness of fees as defined by ER 1.5" (something this Court can decide as well),

26   and (2) this Court would still need to proceed with and resolve (i) plaintiff's Application

27   for provisional remedies, and (ii) Mr. Bruno's counterclaim--neither of which can be

28   resolved by the State Bar.  As such, the Court should deny Mr. Bruno's Motion for these

9

1   reasons as well.

2   Finally, and in the alternative, if this Court were to grant Mr. Bruno's Motion, then it

3   should:   (1) order a State Bar arbitration of only the fee dispute; (2) proceed with the

4   Application, and sign the proposed "Order Granting Provisional Remedies With Notice,

5   Writs Of Attachment And Garnishment (Non-Earnings)" that was filed with the Affidavit,

6   in accordance with A.R.S. §12-2408 (see *PMS Distrib. Co., Inc. v. Huber & Suhner, A.G.*,

7   863 F.2d 639, 642 (9th Cir. 1988) (Court had jurisdiction after issuing arbitration order to

8   grant a writ possession);[7] and (3) proceed with and resolve Mr. Bruno's counterclaim.

9   **III. THIS CASE IS PROPERLY IN COMMERCIAL COURT.**

10   Although Mr. Bruno includes the words "Objection to Commercial Court" in the

11   caption of his Supplemental Brief, his brief does not include any argument as to why this

12   case should not be in the Commercial Court.  Pursuant to Arizona Rule of Civil Procedure

13   8.1 (2017), the Commercial Court may hear cases in which:  (i) at least one plaintiff

14   (Sherman & Howard) and one defendant (PB Co.) are business organizations; and (ii) the

15   primary issues of law and fact concern a business contract or transaction.  If the case

16   involves the sale of services by, or to, a business organization, the amount-in-controversy

17   must exceed $50,000.  As set forth in plaintiff's Complaint, this case meets all of these

18   requirements.  Accordingly, this case is properly before the Commercial Court.

19   Respectfully Submitted: January 16, 2018.

20   SHERMAN & HOWARD L.L.C.

21   By: /s/ David A. Weatherwax__
22   David A. Weatherwax
     Craig A. Morgan
23   Attorneys for Plaintiff

24

25

26

---

27   [7] *See also Toyo Tire Holdings of Ams., Inc. v. Continental Tire N. Am., Inc.*, 609 F.3d 975,
28   980-81 (9th Cir. 2010) (notwithstanding an order for arbitration, Courts retain jurisdiction
     to issue interim injunctive relief).

**Attachment 9**

PAUL L. BRUNO
3104 E. Camelback Road #539
Phoenix, AZ 85016
602-777-0601 Phone
Paul@PaulBrunoGroup.com
**Pro Se Litigant**



JAN 2 5 2018

MICHAEL K. JEANES, CLEr
M. MEJIA

## IN THE ARIZONA SUPERIOR COURT
## IN AND FOR THE COUNTY OF MARICOPA

SHERMAN & HOWARD, LLC

                 Plaintiff,

v.

PAUL BRUNO, *et al*

                 Defendant,

---

PAUL BRUNO

                 Counterclaimant,

v.

SHERMAN & HOWARD, LLC

                 Counterclaim Defendant,

---

PAUL BRUNO;

                 Third Party Plaintiff,

v.

PROFESSIONAL BEAUTY ASSOCIATION; PAR
AVION TRAVEL, INC. Travel, Inc.

                 Third Party Defendant(s)

**CASE NO. CV2017-014106**


**-FIRST AMENDED -**

-VERIFIED ANSWER-

-VERIFIED COUNTERCLAIM-

-VERIFIED THIRD PARTY COMPLAINT-


**(Honorable Christopher Whitten)**

1

S&H Answer; Third Party

**COMES NOW** PAUL L. BRUNO, (hereafter "Mr. Bruno" or "Bruno"), Defendant, Counterclaimant and Third-Party Plaintiff, on his own behalf answers Plaintiff's Complaint with this Amendment as follows

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant, and Third-Party Plaintiff Bruno denies paragraphs 6, 10-20, 22-78,

### THIRD DEFENSE

Defendant, Third- Party Plaintiff Bruno has insufficient information upon which to form belief concerning the following paragraphs, and therefore denies them: 2,3,4,7,8,9, 21

1.    Answering ¶ 1, Defendant admits Sherman & Howard, LLC (hereafter "S&H") LLC is a Delaware Limited Liability Company, authorized to do, and doing, business Arizona.

Answering prayers for relief in counts 1, 2, 3-9, Plaintiff is not entitled to the relief requested and therefore Defendant denies the relief requested.

2.    Answering the Application for Provisional Remedies, (hereafter the "Application"), Plaintiff is Counsel of Defendant hired and retained for the express goal of protecting assets subject to the Application; therefore, the Application constitutes a conflict of interest, and it is inappropriate. Notwithstanding Defendant does not own the assets.

### FOURTH DEFENSE

The Plaintiff at fault, which fault was the proximate cause of the damages complained by Plaintiff

### FIFTH DEFENSE

The incidents complained of were proximately caused by events over which the Defendant had no control or right of control.

2

S&H Answer; Third Party

### SIXTEENTH DEFENSE

The Defendant is entitled to counterclaim as set out with specificity, below

### SEVENTEENTH DEFENSE

The Defendant states that it has or may have further and additional affirmative defenses, which are not yet known to the Defendant, but which may become known through future discovery. The Defendant asserts each and every affirmative defense as it may be ascertained through future discovery herein.

### EIGHTEENTH DEFENSE

The S&H Operative Contracts, filed on October 27, 2017 with the *"Notice of Errata"* The Errata contains the Operative contracts, including the section *"Memorandum of Firm's Policies"* on p.2 ¶ 7 is the parties agreement to arbitrate. S&H failed to submit to arbitration, pursuant to 9 U.S.C. § 2

### NINETEENTH DEFENSE

On January 3, 2017 Federal District Court Judge, Paul Sala ordered S&H, *to inter alia: "at the time S&H submits its application for compensation for approval and payment of attorneys' fees and costs with the Bankruptcy Court, Sherman & Howard should comply fully with all provisions of Rule 2016, Fed. R.Bankr.P."* The order goes on to state *"the lack of following the Order will result in denial of fees or costs incurred."*

### TWENTIENTH DEFENSE

S&H breached the contract and failed to perform, pursuant to the terms of its employment application. **THEREFORE**, Defendant Paul L. Bruno hereby demands judgement in his favor against Plaintiff, Sherman & Howard, LLC dismissing its Complaint and Application for provisional remedies with prejudice, together with an award of attorney's fees and costs pursuant to contract and/or pursuant to A.R.S. § 12-341 and § 12-341.01, and such other relief as the Court may deem equitable and just.

4

S&H Answer; Third Party

65.    Third party plaintiff has been wrongfully pursued for almost two years, by third party defendants, which has caused irreparable harm.

## PRAYER FOR RELIEF

### WHEREFORE THIRD-PARTY PLAINTIFF PRAYS FOR JUDGEMENT AS FOLLOWS:

1.    Awarding actual damages, special, personal injury, and punitive damages and reasonable attorney's fees.

2.    Any additional appropriate equitable relief, including any injunctive or declaratory relief.

3.    Awarding restitution or disgorgement of all illicit proceeds.

4.    Awarding punitive damages and exemplary damages

5.    Awarding pre-judgement interest, as well as reasonable attorney's fees and other costs.

6.    Awarding such other relief as this Court deem just and proper.

**RESPECTFULLY SUBMITTED THIS 25 DAY OF JANUARY 2018**

Paul Bruno, Pro Se Litigant

S&H Answer; Third Party

23

## VERIFICATION

I Paul Bruno declare under penalty of perjury that I have read the foregoing, 1.) Verified Answer; 2.) Verified Counterclaim; 3.) Verified Third Party Complaint and know the contents thereof; that the matters and things therein stated are true to my own knowledge, except as to those matters therein stated upon information and belief, as to those matters, I believe them to be true.

DATED: JANUARY 25, 2018

Paul Bruno

Electronically emailed and regular mailed to

Sherman & Howard

Craig Morgan and David Weatherwax

24